UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JANA MASTER FUND, LTD., JANA
PIRANHA MASTER FUND, LTD.,
SPRINGFIELD ASSOCIATES LLC, and
KENSINGTON INTERNATIONAL
LIMITED,

                              Plaintiffs,

                                                                                               06 Civ. 14333 (PKC)

                                                                                               MEMORANDUM
                                                                                               AND ORDER

                      -against-

JP MORGAN CHASE & CO., DAMIAN
BERRY, CHRISTOPHER JANES, TERRY
MARTIN, and CHASE SECURITIES, INC.,

                              Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        The plaintiffs in this action are owners by purchase and assignment of debenture notes issued by Sons of Gwalia, Ltd. ("SOG"), an Australian mining company. On or about November 20, 2006, plaintiffs commenced an action in New York Supreme Court, New York County, against JP Morgan Chase & Co. ("Chase & Co."), Chase Securities, Inc. ("Chase Securities"), and several individual employees, directors or officers of various Chase corporations, as defendants. On December 11, 2006, JP Morgan Chase, N.A. ("Chase N.A.")—a non-party—served and filed a notice of removal of the case to this Court pursuant to the Edge Act, 12 U.S.C. § 611, et seq., and 28 U.S.C. § 1441. Chase N.A. served and filed an amended notice of removal on the same basis on December 19, 2006. Plaintiffs now move to remand the case to state court on the grounds that non-party Chase N.A. may not remove under the Edge Act.

Chase N.A. concedes that it is not a named party and it is not explicitly referred to in the body of the complaint.  It argues that removal is proper because the complaint has "errantly" named Chase & Co. as a defendant when in fact the allegations in the complaint describe actions attributable to Chase N.A.[1]  It is incontrovertible that Chase & Co. is a separately organized, distinct and publicly-held entity that has filed its own consent to removal.  (Docket No. 19; see also Docket No. 2, Local Civil Rule 7.1 Disclosure Statement by Chase N.A.)  Chase & Co. was served with process in this action.  (Docket No. 1, Notice of Removal at ¶ 1)  Non-party Chase N.A. urges that it is a "real party in interest" in this action, and that it is therefore authorized to remove the case under section 632 of the Edge Act.

I have considered the facts alleged in the complaint, together with the affidavits and the concessions made by the parties in connection with the removal and this motion to remand.  I conclude that the Edge Act does not confer federal subject matter jurisdiction over this case.  As there is no alternative basis for subject matter jurisdiction, plaintiffs' motion to remand is granted.  Plaintiffs' further application that Chase N.A. and defendants be ordered to pay costs and expenses in connection with the removal and the motion to remand is denied.

I.      BACKGROUND

As noted above, the complaint in this action has named two corporate entities—Chase Securities and Chase & Co.—and several individuals as defendants alleging that they defrauded American investors in a private placement of debenture notes for SOG.  The five common law causes of action alleged against each defendant are for fraud, negligent misrepresentations, aiding and abetting fraud, aiding and abetting a breach of fiduciary duty, and civil conspiracy.

---

[1] Consistent with the theory that Chase & Co. was "errantly" named, the opposition to the motion to remand was filed by Chase N.A. and Chase Securities but not by Chase & Co.

The complaint consciously avoids delineating the roles of the two named Chase entities in the conduct alleged in the complaint. Plaintiffs explain that

> [i]n its extensive dealings with SOG, Chase functioned as a consolidated and unified entity. Thus, each of the Chase entities is a mere instrumentality and/or alter ego of the others and is liable for the acts of the others. References made herein collectively to Chase, affiliates and business units of Chase, will be to "Chase" (unless otherwise indicated).

(Id. ¶ 23). Consistent with this statement, the complaint makes allegations against "Chase" but does not distinguish between Chase & Co. and Chase Securities. Only once is either Chase Securities or Chase & Co. specifically identified in the complaint, and that is only to note that an allegedly misleading private placement memorandum bore the name "Chase Securities, Inc." on each page. (Id. ¶ 51)

The parties agree that at least some references to "Chase" in the complaint relate most directly to Chase N.A., and not Chase Securities or Chase & Co. Specifically, the complaint repeatedly refers to "Chase's" historical relationship with SOG, and "Chase's" financial stake in the company. (E.g. Compl. ¶¶ 98, 119) These statements apparently refer to the fact that Chase N.A. has served as a counterparty in futures contracts with SOG, and is a substantial creditor of SOG. (See Eckstein Decl. ¶ 4) The facts relating to Chase N.A.'s prior interactions with SOG fit into the theory of plaintiffs' case. "Chase" allegedly knew that SOG was a failing company and induced investments in SOG in order to mitigate its own exposure to losses.

The complaint is silent on the relationship between these various Chase entities. The submissions on this motion, however, make clear that Chase & Co. is a holding company incorporated under the laws of Delaware, and is the parent company of Chase N.A., which is a

bank organized under the laws of the United States.  The specific relationship of Chase Securities, which is a Delaware corporation, to the other Chase companies is not clear.

All of the individually named defendants are or were employees, officers or directors of various Chase corporations.  Terry Martin was employed by Chase Securities and its predecessor companies from 1992 through 2002.  (DePuy Decl. ¶ 4)  Christopher Janes was employed by various Chase corporations from October 1, 1997 through 2002, including Chase N.A. for a period of just over 7 months.  (Id. ¶ 5)  Damian Berry was employed by various Chase corporations from February 25, 1998 until March 1, 2002, including Chase N.A. for a period of just over 2 months.  (Id. at ¶ 6)

II.     DISCUSSION

   A.     Removal Under the Edge Act

The general rule is that when a defendant seeks to remove a case to federal court, the removing party bears the burden of establishing subject matter jurisdiction.  See Grimo v. Blue Cross/Blue Shield of Vermont, 34 F.3d 148, 151 (2d Cir. 1994); see also In re Currency Conversion Fee Antitrust Litig., 2003 WL 22097502, at *1 (S.D.N.Y. Sept. 10, 2003) (applying rule in the context of an Edge Act removal).  The provision of the Edge Act under which Chase N.A. removed the action reads as follows:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which any corporation organized under the laws of the United States shall be a party, arising out of transactions involving international or foreign banking, or banking in a dependency or insular possession of the United States, or out of other international or foreign financial operations, . . . shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

12 U.S.C. § 632.  The jurisdiction-granting provision in section 632 thus states that a case "arise[s] under the laws of the United States" if (1) the case is civil in nature, (2) one of the parties is a corporation organized under the laws of the United States, and (3) the suit arises out of transactions involving, inter alia, international banking or international financial operations.  See Pinto v. Bank One Corp., No. 02 Civ. 8477(NRB), 2003 WL 21297300, at *2 (S.D.N.Y. June 3, 2003).  District courts have original jurisdiction over all such suits.

Federal jurisdiction is not exclusive, however, and a separate provision of section 632 governs the removability of such actions commenced in state court: "any defendant . . . may, at any time before the trial thereof, remove such suits . . . into the district court . . . for the proper district by following the procedure for the removal of causes otherwise provided by law."  12 U.S.C § 632.  Therefore, only a defendant may remove such a case.

In interpreting the jurisdiction-granting and removal provisions of the Edge Act, the familiar rules of statutory interpretation apply.  The Court must "begin with the understanding that Congress 'says in a statute what it means and means in a statute what it says there.'"  Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000) (quoting Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 254 (1992)).  "When a statute's language is clear, [the Court's] only role is to enforce that language according to its terms."  Arciniaga v. Gen. Motors Corp., 460 F.3d 231, 236 (2d Cir.), cert. denied, __ U.S. __, 127 S. Ct. 838 (2006) (internal quotation marks omitted).  Courts generally construe removal statutes narrowly, and resolve any doubts against removability, see Lupo v. Human Affairs Int'l., Inc., 28 F.3d 269, 274 (2d Cir. 1994), although it is noted that, when the Edge Act is invoked as the basis for removal, "the federal court should be cautious about remand, lest it erroneously deprive defendant of the right to a federal forum."  Stamm v. Barclays Bank of New York, No. 96 Civ.

5158(SAS), 1996 WL 614087, at *1 (S.D.N.Y. Oct. 24, 1996) (internal quotation marks omitted).

When a case is removed to federal court on the basis of a federal question, "removal jurisdiction . . . is determined by reference to the well-pleaded complaint." D'Alessio v. New York Stock Exchange, Inc., 258 F.3d 93, 100 (2d Cir. 2001) (internal quotation marks omitted); see Caterpillar Inc. v. Williams, 482 U.S. 386, 392-93 (1987); see also In re Currency Conversion Fee Antitrust Litig., 2003 WL 22097502, at *2 (applying well-pleaded complaint rule in assessing jurisdiction under 12 U.S.C. § 632).[2]  "[F]ederal jurisdiction must be found from what necessarily appears in the plaintiff's statement of his own claim . . . , unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." D'Alessio, 258 F.3d at 100 (internal quotation marks omitted, alterations in original). "After '[e]xamining only those allegations which are properly raised in a well-pleaded complaint, the court must then determine whether the substance of those allegations raises a federal question.'" Id. (quoting W. 14th St. Commercial Corp. v. 5 W. 14th Owners Corp., 815 F.2d 188, 192 (2d Cir. 1987)) (alterations in D'Alessio). "Under the well-pleaded complaint rule, the plaintiff is the master of the complaint, free to avoid federal jurisdiction by pleading only state claims even where a federal claim is also available." Marcus v. AT&T Corp., 138 F.3d 46, 52 (2d Cir. 1998). A related principle in the diversity context dictates that federal courts ordinarily have "no warrant . . . to inquire whether some other person might have been joined as an additional or substitute defendant." Lincoln Property Co. v. Roche, 126 S. Ct. 606, 615 (2005).

---

[2] I note that in Westmoreland Capital Corp. v. Findlay, 100 F.3d 263 (2d Cir. 1996), the Second Circuit cited 12 U.S.C. § 632 as an example of an instance where "Congress has intended to create an exception to the well-pleaded complaint rule . . . [and] has provided so explicitly." Id. at 268-69. I read the quoted language from Westmoreland as simply acknowledging an exception to the well-pleaded complaint rule in Edge Act cases when events subsequent to the filing of the complaint—e.g. joinder or intervention—bring a case within the terms of 12 U.S.C. § 632.

B.     Removal by Non-Party Chase N.A.

The parties do not dispute that the claims in this case are civil in nature and that the suit arises from "international or foreign banking" and "other international or foreign financial operations." The issue on this motion concerns whether any party to this action is a corporation organized under the laws of the United States. Chase & Co. and Chase Securities, the named corporate defendants, are Delaware corporations. Chase N.A., on the other hand, is a federally-chartered corporation. The question before the Court is whether Chase N.A. is a "party" to this action and, thus, may remove the case.

The plaintiffs in this action are sophisticated entities represented by highly competent counsel. The choice not to name Chase N.A. appears to have been a conscious one, perhaps motivated, in whole or in part, by a desire to litigate the claims in state court. It entailed a decision to forgo the possibility of a judgment against Chase N.A. This, therefore, is not a circumstance where an unsophisticated party has inadvertently omitted the initials "N.A." from the Chase name in a single defendant case in which only the conduct of the federally-chartered institution is described.

Simply put, Chase N.A. is not a party to this action. A plain and unambiguous condition of section 632—that a party to the action be organized under the laws of the United States—is not met. Thus, the Edge Act does not provide a basis for subject matter jurisdiction. See Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC, 232 F.3d 79, 82-83 (2d Cir. 2000) (holding that a party that is a successor-in-interest to a federally-chartered corporation may not assert Edge Act jurisdiction because section 632 "is clear in limiting its reach to cases in which a federally chartered corporation is a 'party'"); see also Viqueira v. First Bank, 140 F.3d 12, 19

(1st Cir. 1998) ("It is an absolute prerequisite to jurisdiction under section 632 that one party to the action be an entity that owes it existence to the federal sovereign.").

Consequently, Chase N.A. may not remove the action to federal court. The removal provision is explicit that only a "defendant" is authorized to remove an Edge Act case. The Supreme Court has noted, albeit in a different context, that a statute which "authorizes specific action and designates a particular party empowered to take it is surely among the least appropriate in which to presume nonexclusivity. 'Where a statute . . . names the parties granted [the] right to invoke its provisions, . . . such parties only may act.'" Hartford Underwriters, 530 U.S. at 6-7 (quoting 2A N. SINGER, SUTHERLAND ON STATUTORY CONSTRUCTION § 47.23, p. 217 (5th ed. 1992)) (alterations in Hartford Underwriters). That principle applies in this case. Here, section 632 authorizes a specific action, i.e. removal, and designates a particular party empowered to take it, i.e. a defendant. No defendant has removed the case (although Chase & Co. and Chase Securities have, following removal, "consented" to the removal), and it is contrary to the plain language of the statute to allow a non-party, such as Chase N.A., to take that action.

Assuming arguendo that Chase & Co. is not liable to plaintiffs because it did not engage in any wrongful conduct, then this circumstance would tend to provide Chase & Co. with a defense to the merits of plaintiffs' claims, but it lacks jurisdictional significance. That Chase N.A. could have been named as a defendant is also of no moment. The fact remains that no party in this case is a federally-chartered corporation.

Chase N.A.'s reliance on City & County of San Francisco v. Assessment Appeals Board, 122 F.3d 1274 (9th Cir. 1997) (per curiam), in which the Ninth Circuit endorsed the removal of an Edge Act case by a "real party in interest," is misplaced. In that case, the plaintiffs

brought an action in state court for a writ of administrative mandate to set aside rulings by the San Francisco Assessment Appeals Board ("Appeals Board"). The contested decisions were rulings in favor of the Federal Reserve Bank ("Bank") in the course of the Bank's appeal from local property tax assessments. The subsequent mandamus petitions named the Appeals Board as the defendant, but it was only a nominal party. The Bank was the real party in interest, since the mandamus action was an appeal from administrative rulings in its favor. The Ninth Circuit reversed the district court's remand order, holding that "a federal reserve bank has an unfettered right under section 632 to defend in federal court . . . ." Id. at 1278.

City & County of San Francisco does not support Chase N.A.'s position. The Bank in that case was the only party whose tax assessments were at issue. Here, Chase N.A. has not demonstrated that it is a party to this action, either as a "real party in interest" or otherwise.

The artful pleading doctrine and fraudulent joinder theories advanced by Chase N.A. also fail to support removal jurisdiction. Under the artful pleading doctrine, a plaintiff "may not avoid removal by framing in terms of state law a complaint the real nature of [which] is federal, . . . or by omitting to plead necessary federal questions in a complaint." Fax Telecommunicaciones Inc. v. AT&T, 138 F.3d 479, 486-87 (2d Cir. 1998) (internal quotation marks omitted, alterations in original). This typically arises when a complaint asserts state law claims that are either completely preempted by federal law, or raise substantial federal questions. See Marcus v. AT&T Corp., 138 F.3d 46, 53-56 (2d Cir. 1998). Plaintiffs' complaint raises no claims that are preempted by federal law, and even if this were an Edge Act case, state law would supply the rules of decision. See Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank, Nat'l Assoc., 731 F.2d 112, 121 (2d Cir. 1984).

Under the doctrine of fraudulent joinder, "courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004). Chase N.A., however, seeks not only to have the Court overlook Chase & Co.'s presence in this action, but also to substitute Chase N.A. Chase N.A. provides no support for that proposition, and, assuming arguendo that this Court had discretion to add Chase N.A. as a party, Chase N.A. has failed to demonstrate an adequate reason for it to do so.

III. CONCLUSION

I have considered defendants' other arguments in opposition to remand and find that they lack merit. For the foregoing reasons, the motion to remand is GRANTED, and the Clerk shall transfer the file to the Clerk of New York County. The parties shall bear their own costs.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
April 19, 2007